ORIGINAL

1 | NIELS L. PEARSON, ESQUIRE
Nevada Bar No. 001061
2 | PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
3 | BANK OF AMERICA WEST
6900 Westcliff Drive, Suite 800
4 | Las Vegas, Nevada 89145
(702) 228-7717
5 |
MARIANNE C. LANUTI, ESQUIRE
6 | Nevada Bar no. 007784
Law Offices of Marianne C. Lanuti
7 | 194 Inveraray Court
Henderson, Nevada 89074
8 | (702) 270-2346
9 | Attorneys for Plaintiffs

10 |

11 | **UNITED STATES**          CV-S-04-0348-RLH-PAL

12 | **DISTRICT**

13 | JANE ROE, individually, and the natural
mother and Guardian on behalf of
PRESCHOOLER II, a minor child.          **COMPLAINT FOR JUDICIAL REVIEW,**
14 |                                        **DECLARATORY, EQUITABLE RELIEF**
                          *Plaintiffs,*     **AND DAMAGES**
15 |
                             vs.          **First Cause of Action**
16 |                                        **Petition for Judicial Review, Declaratory**
THE STATE OF NEVADA; STATE OF           **and Equitable Relief and Claim for**
17 | NEVADA DEPARTMENT OF                  **Attorney's Fees and Costs**
EDUCATION; KEITH RHEAULT, *in his*
18 | *individual and official capacity;* CLARK  **Second Cause of Action**
COUNTY SCHOOL BOARD OF                  **Violation of the Americans with**
19 | TRUSTEES; CLARK COUNTY SCHOOL          **Disabilities Act and Rehabilitation Act**
DISTRICT, CARLOS ARTURO GARCIA,
20 | *in his individual and official capacity;*  **Third Cause of Action**
CHARLENE A. GREEN, *in her individual*  **Violation of the Rehabilitation Act**
21 | *and official capacity;* MICHAEL S.
HARLEY, *in his individual and official*  **Fourth Cause of Action**
22 | *capacity;* KAY DAVIS, *in her individual and*  **Violation of Title 42 U.S.C. §1983**
*official capacity;* DARRYL WYATT, *in his*
23 | *individual and official capacity;* KATHLEEN  **Fifth Cause of Action**
LISANTI, *in her individual and official*  **Monell/Canton**
24 | *capacity;* and DOES 1 *to* 10, Inclusive,
                                          **Sixth Cause of Action**
25 |                       *Defendants.*    **Assault, Battery and Use of Aversive**
                                          **Interventions**
26 |
                                          **Seventh Cause of Action**
27 |                                        **Negligence Claims**

28 |                                        **JURY TRIAL DEMANDED**

1
2                          **JURISDICTION & VENUE**

3    1.      This Court has jurisdiction of the action under *Title* 28 *United States Code* §§ 1331 and

4    1334. This action arises under the *Fourth* and *Fourteenth Amendments* to the *United States*

5    *Constitution,* and other federal laws, which are not limited to, *Title 42 United States Code* §§

6    1983 and  1988; the *Americans with Disabilities Act* of 1990 (**ADA**) (*Title* 42 *United States*

7    *Code* § 12133 *et seq*); § 504 of the *Rehabilitation Act of 1973* (**RA**); *Title 29 United States*

8    *Code* § 474 as amended; the *Handicapped Children's Protection Act of 1986* (**HCPA**) *Title 28*

9    *United States Code* § 1415(e); and  *Individuals With Disabilities Education Act* (**IDEA**) as

10   Amended, *Title* 20 *United States Code* §1400, *et seq* and the regulations thereto (formerly

11   entitled the *Education of the Handicapped Act* (**EHA**));*Nevada Revised Statutes* §§ 385, 388

12   and the *Nevada Administrative Code For Special Education Programs* § 388 (**NAC**).

13   2.      This case is filed in this location and district because the incidents arose in the City of

14   North Las Vegas, Clark County, State of Nevada involving Plaintiffs who are residents of said

15   city, county and state.

16   3.      This Court is vested with original jurisdiction over the federal claims by operation of

17   *Title* 28 *United States Code*  §§ 1331, 1343, 1367, and 1415 and has supplemental jurisdiction

18   pursuant to *Title* 28 *United States Code*  § 1367 to hear claims arising under the Constitution and

19   laws and Administrative Codes of the State of Nevada.

20   4.      This Court is vested with the authority to grant declaratory relief and judgment by virtue

21   of *Title* 28 *United States Code* § 2201, *et seq*..

22   5.      This Court is vested with the power to issue injunctive relief pursuant to the *Federal*

23   *Rules of Civil Procedure,* Rule 65.

24   6.      This Court is authorized to grant attorneys' fees pursuant to *Title* 42 *United States Code*

25   § 1988 and pursuant to the IDEA at *Title* 28 *United States Code* § 1415.

26   7.      Venue in this Court is proper under *Title* 28 *United States Code* § 1391, and this Court

27   has personal jurisdiction over the Defendants in this matter because the events giving rise to this

28

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

claim occurred, and will continue to occur, in this district.

## PARTIES

## PLAINTIFFS

8.      Plaintiff Preschooler II was at all times mentioned herein a disabled autistic student as defined pursuant to the *Nevada Administrative Code* (hereinafter "*N.A.C.*") § 388.028. He was at all times mentioned herein four (4) years of age, in need of special education, benefits and other related services. (*Nevada Revised Statutes* (hereinafter "*N.R.S.*") §§ 395.065, 395.008, 395.010, 395.020, 388.132, 388.135, 388.440, 388.450, 388.5295, 388.531, 388.5315, 388.526, 388.5215, 388.5265, *N.A.C.* §§ 388.215, 388.245, 388.255, 388.284, 388.287, 388.315) Furthermore, Plaintiff Preschooler II was at all times mentioned herein diagnosed and classified as a student with health impairments as defined pursuant to *N.A.C.* § 388.046.

9.      Plaintiff Jane Roe is the parent of Plaintiff Preschooler II.

10.     Plaintiff Jane Roe brings this lawsuit on behalf of herself and on behalf of Plaintiff Preschooler II, her natural child.

11.     At all times mentioned herein Jane Roe resided within the jurisdiction and venue of this Court, in the City of North Las Vegas, Clark County, State of Nevada.

12.     Plaintiffs allege that at all times mentioned herein any and all of the events involving them, described herein took place within the jurisdiction and venue of this Court.

13.     Plaintiffs are informed and believe that they are third-party recipients of certain educational and financial federal benefits, services, entitlements, due process and equal protection rights for Plaintiff Preschooler II which are administered, implemented, organized and enforced by the Defendants mentioned hereinafter.

## DEFENDANTS

14.     Plaintiffs are informed and believe that at all times mentioned herein Defendant State of Nevada, herein "Nevada" is the recipient of federal subsidy under the above mentioned ADA, RA, HCPA, and IDEA.

///

---

*Jane Roe  v. State of Nevada, et al.*

COMPLAINT    FOR    JUDICIAL    REVIEW, DECLARATORY    EQUITABLE    RELIEF    AND DAMAGES

PEARSON, PATTON, SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

15.     The Plaintiffs allege that in some manner the State of Nevada is and was at all times mentioned herein responsible for the acts, omissions, policies, customs, practices, implementation, and conduct committed by itself and the remaining Defendants.

16.     In addition, based on *Title* 20 *United States Code* § 1403, which pertinently states, "*(a) . . . A State shall not be immune under the eleventh amendment to the Constitution of the United States from suit in Federal courts for a violation of this chapter. (b) In a suit against a State for a violation of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as those remedies are available for such a violation in the suit against any public entity other than a State*", the State of Nevada is subject to the jurisdiction of this court to adjudicate the Plaintiffs' claims in law and in equity as to claims as alleged herein, particularly for equal protection and due process violations constituting educational harassment. Independently, the State of Nevada in accepting federal funds, has waived immunity under the Spending Clause of the *Constitution of the United States*.

17.     Pursuant to *N.R.S.* § 395.065, Nevada was statutorily mandated to provide related services to Plaintiff Preschooler II, which included and not limited to, a helmet and other protections due to life threatening physical and medical aliments, which included and is not limited to *"Tuberous Sclerosis*[1]."

18.     Plaintiffs allege that Nevada was statutorily mandated to provide the Plaintiff Preschooler II with a special education program as defined in *N.R.S.* § 395.008 and to attend the School District educational institutions as defined in *N.R.S.* § 395.075.

19.     Plaintiffs allege that Nevada was mandated to secure the educational program and related services provided to disabled person, such as he, in accordance with *N.R.S.* § 395.010.

---

[1] *Tuberous Sclerosis* (TS) is among other complex and life threatening disability and aliments, a genetic disorder that cause tumors to form in many different organs, primarily in the brain, eyes, heart, kidney, skin, and lungs. TS is not contagious. Children diagnosed with TS will show symptoms such as seizures, a reddish rash on their face (*facial angiofibromas*), or skin lesions.

| *Jane Roe v. State of Nevada, et al.* | COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY EQUITABLE RELIEF AND DAMAGES |
| --- | --- |
| Page 4 of 48 | |

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

20.     Plaintiffs allege that Plaintiff Preschooler II satisfied the Nevada eligibility standards to receive Nevada education benefits as provided pursuant to *N.R.S.* § 395.020.

21.     Plaintiffs are informed and believe that at all times mentioned herein Defendant State of Nevada Department of Education, hereinafter "State Board" was and continues to be statutorily mandated pursuant to the *Nevada Revised Statutes* § 385.080, and among other things, " . . . *shall establish policies to govern the administration of all functions of the state relating to supervision, management and control of public schools . . .*" Hence, the Plaintiffs allege that in some manner the State Board is and was at all times mentioned herein responsible for the acts, omissions, policies, customs, practices, implementation, and conduct committed by itself and the remaining Defendants.

22.     Plaintiffs are informed and believe that at all times mentioned herein the State Board is and continues to be a recipients of certain educational federal financial funds for disabled students, such as Plaintiff Preschooler II.

23.     In addition, based on *Title 20 United States Code* § 1403, *supra*, the State Board is subject to the jurisdiction of this court to adjudicate the Plaintiffs' claims in law and in equity.

24.     Plaintiffs are informed and believe that at all times mentioned herein Defendant State of Nevada Superintendent of Public Instruction Keith Rheault, hereinafter "Rheault"was and continues to be statutorily mandated pursuant *N.R.S* §§ 395.010, 395.040, and 388.5295.4, and responsible for the supervision and administration of public schools in the State of Nevada.

25.     Plaintiffs allege that the school which Plaintiff Preschooler II attended was among those schools Defendant Rheault was responsible and charged with supervising.  In addition, Defendant Rheault, at all times mentioned herein, retained jurisdiction and venue of said school. Hence, the Plaintiffs allege that in some manner Defendant Rheault is and was at all times mentioned herein responsible for the acts, usages, omissions, policies, customs, practices, implementation, and conduct committed by himself and the remaining Defendants. (*N.R.S.* §§ 395.010, 395.040, and 388.5295.4)

/ / /

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

26.    Plaintiffs are informed and believe that at all times mentioned herein Defendant Rheault was statutorily empowered to hire, supervise, train, discipline, suspend and discharge any subordinate defendants mentioned hereinafter. (*N.R.S.* §§ 395.010, 395.040, and 388.5295.4)

27.    Plaintiffs are informed and believe that at all times mentioned herein Defendant Rheault is and continues to be the administrator and recipient of certain educational federal financial funds for disabled students, such as Plaintiff Preschooler II.

28.    Plaintiffs are informed and believe that at all times mentioned herein Defendant Rheault having the knowledge, capability, authority and jurisdiction, discretion, and authority that any of the wrongs committed against the Plaintiffs that were done or that were to be done, as mentioned hereinafter, and having the power, knowledge, capability, authority and jurisdiction to stop, prevent, and correct  the commission of same, neglected, refused, avoided, and/or did not act so to do.

29.    Plaintiffs allege that Defendant Rheault is mandated to, among other things,  guard, protect, preserve and embrace the safety, peaceful educational enjoyment and security of the Plaintiff Preschooler II, providing him with an education environment free from hostility, violence, reprisal, aversive interventions and corporal punishment and mental and verbal abuse, and  Defendant Rheault failed to do so.

30.    Plaintiffs allege that at all times mentioned herein the acts and omissions of Defendants Nevada, the State Board,, Rheault, as well as all other  Defendants as alleged herein, failed to provide, implement and enforce a  comprehensive and detailed statutory program for the protection of disabled students from educational abuse and harassment entitled "Use of Aversive Intervention, Physical Restraint and Mechanical Restraint on Pupils With Disabilities"(*N.R.S.* § 388.521 *et. seq.*)

31.    Defendants State Board and Reault were to enact and implement and enforce a"model program of education" as specifically required by *N.R.S.*  § 388.5285.  Furthermore, said Defendants ratified the conduct, acts, usages, omissions, policies, customs and practices of the remaining Defendants who, among other things,  failed to report to the Defendant Clark County

1   School Board of Trustees (CCSD Board)  within twenty four hours or as soon thereafter as

2   discovered *(N.R.S.* § 388.5295), discipline *(N.R.S.* § 388.529) and  correct by affirmative plan

3   by the Defendants Superintendent Arturo Garcia (Garcia) , CCSD Board, and if deficient, the

4   State Board *(N.R.S.* § 388.5295.2.3. and 4.)

5   32.    "Aversive intervention" means any of the following actions if the action is used to

6   punish a pupil with a disability or to eliminate, reduce or discourage maladaptive behavior of a

7   pupil with a disability:

8        a.    The use of noxious odors and tastes;

9        b.    The use of water and other mists or sprays;

10        c.    The use of blasts of air;

11        d.    The use of corporal punishment;

12        e.    The use of verbal and mental abuse;

13        f.    The use of electric shock;

14        g.    The administration of chemical restraint to a person;

15        h.    The placement of a person alone in a room where release from the room is

16   prohibited by a mechanism, including, without limitation, a lock, device or object positioned to

17   hold the door closed or otherwise prevent the person from leaving the room;

18        i.    Requiring a person to perform exercise under forced conditions if the:

19             i.    Person is required to perform the exercise because he exhibited a behavior

20   that is related to his disability;

21             ii.    Exercise is harmful to the health of the person because of his disability;

22   or

23             iii.    Nature of the person''s disability prevents him from engaging in the

24   exercise; or

25             iv.    The deprivation of necessities needed to sustain the health of a person,

26             regardless of the length of the deprivation, including, without limitation,

27             the denial or unreasonable delay in the provision of:

28

*Jane Roe  v. State of Nevada, et al.*                          COMPLAINT   FOR   JUDICIAL   REVIEW,
                                                                DECLARATORY  EQUITABLE  RELIEF  AND
                          Page 7 of 48                          DAMAGES

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

1        j.     Food or liquid at a time when it is customarily served; or

2        k.     Medication. (*N.R.S.* § 388.5215)

3    33.    "Verbal and mental abuse" is defined as "actions or utterances that are intended to cause

4    and actually cause severe emotional distress to a person"(*N.R.S* § 388.526)

5    34.    "Corporal punishment" is defined as "the intentional infliction of physical pain,

6    including, without limitation, hitting, pinching or striking" *(N.R.S.* §  388.5225).

7    35.    Plaintiffs allege that at all times mentioned herein Defendants Nevada, the State Board,

8    and Rheault created, established, enforced, implemented and administered a custom of practice

9    which, among other things,

10        a.     Abdicated a statutory duty, after preparing a model program, to implement and

11    enforce a model program under *N.R.S.* § 388.5285.

12        b.     Abdicated a statutory duty to implement and enforce reporting and a corrective

13    action plan under *N.R.S.* § 388.5295.1.2.3. and 4.

14        c.     Failed to supervise, enforce and administer educational programs to prevent,

15    report and take corrective and disciplinary actions for aversive interventions involving disabled

16    students such as Plaintiff Preschooler II.

17        d.     Abdicated their duty and care to implement the United States Congressional intent

18    to administer, implement, and establish a program for the disabled students, such as Plaintiff

19    Preschooler II free of oppression, physical and emotional abuse.

20        e.     Abdicated their duty and care to implement  an educational and scholastic

21    environment supporting  the peaceful enjoyment, life and liberty and educational opportunity

22    for its disabled students, such as Plaintiff Preschooler II.

23        f.     Deprived disabled autistic Preschooler II and students between the ages of three

24    (3) and five (5) years of age their Federal and State Constitutional rights; the peaceful enjoyment

25    of a free appropriate public education (**FAPE**); benefits, immunities, entitlements, services and

26    assistance otherwise afforded to non-disabled students.

27    / / /

28

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

g.    Deprived abused autistic students, such as Plaintiff Preschooler II, from an effective program of prevention, intervention, reporting, investigation and discipline of incidents of aversive intervention,  corporal punishment, use of excessive force, emotional and verbal abuse.

h.    Abdicated its statutory duty to enforce the laws protecting abuse of disabled, autistic children in its public schools.

36.    Pursuant to the *N.R.S.* § 385.080, which pertinently states, "***The state board may adopt regulations for its own government and as necessary for the execution of the powers and duties conferred upon it by law***,' Plaintiffs allege that the Defendants Nevada, State Board, and Rheault were mandated to, among other things,  guard, protect, preserve and embrace the safety, peaceful educational enjoyment and security of the Plaintiff Preschooler II, providing him with an education environment free from hostility, violence, reprisal, aversive interventions, corporal punishment, and verbal and mental abuse and the Defendants Nevada, State Board , and Rheault failed to do so.

37.    The Plaintiffs allege that the acts, omissions, custom, usage and practice stated herein were performed and/or executed by Defendants Nevada, State Board, Rheault under color of law and authority.

38.    Plaintiffs are informed and believe that at all times mentioned herein the Defendant CCSD Board was and continues to be statutorily mandated to provide free education and safety to its students.  Hence, the Plaintiffs allege that in some manner the CCSD Board is and was at all times mentioned herein responsible for the acts, omissions, policies, practices, custom, implementation, and conduct committed by itself and the remaining Defendants.

39.    Plaintiffs are informed and believe that at all times mentioned herein the Defendant CCSD Board is and continues to be a recipients of certain educational federal financial funds for disabled students, such as Plaintiff Preschooler II.

40.    Plaintiffs are informed and believe that at all times mentioned herein Defendant Clark County School District hereinafter "District" was and continues to be statutorily authorized to

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

1   organize, implement, enforce and be responsible, among other things, for the special education,

2   safety, health, physical custody of disabled minor students between the ages of three (3) years

3   of age and five (5) years of age at the Betsy Rhodes Elementary School, Kids Intensive Delivery

4   of Services Programs (KIDS), located at 7350 Tealwood Street, City of Las Vegas, Clark

5   County, State of Nevada.

6   41.     Plaintiffs are informed and believe that at all times mentioned herein the Defendant

7   District is and continues to be a recipient of certain educational federal financial funds for

8   disabled students, such as Plaintiff Preschooler II.   Furthermore, Defendant District is

9   responsible to report and comply with *N.R.S.* § 388.521 *et. seq.* involving child abuse within

10  the District.

11  42.     Plaintiffs are informed and believe that at all times mentioned herein Defendant was and

12  continues to be Superintendent of the Defendant District, among other things, responsible

13  supervising, monitoring, administering and implementing special educational programs for the

14  disabled students such as Plaintiff Preschooler II. Furthermore, Garcia is responsible to report

15  and comply with *N.R.S.* § 388.521 *et. seq.* involving child abuse within the District.

16  43.     Plaintiffs are informed and believe that at all times mentioned herein Defendant Charlene

17  A. Green hereinafter "Green" was and continues to be the Associate Superintendent Student

18  Support Services Division of the Defendant District, among other things, responsible for support

19  of supervising, monitoring, administering and implementing special educational programs for

20  the disabled students.  Furthermore, Defendant Green is responsible to report and comply with

21  *N.R.S.* § 388.521 *et. seq.* involving child abuse within the District.

22  44.     Plaintiffs are informed and believe that at all times mentioned herein Defendant Michael

23  S. Harley hereinafter "Harley" was and continues to be the Director of Compliance and

24  Monitoring Officer of the Defendant District. Among other things, Defendant Harley is charged

25  with the duty, care and statutory monitoring and compliance of programs for autistic and disabled

26  students pursuant to § 504 of the **RA** and **IDEA**. Furthermore, Defendant Harley is responsible

27  to report and comply with *N.R.S.* § 388.521 *et. seq.* involving child abuse within the District.

28

*Jane Roe v. State of Nevada, et al.*

**COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY EQUITABLE RELIEF AND DAMAGES**

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

45.     Plaintiffs allege that Defendant Kay Davis, hereinafter "Davis", at all times mentioned herein was the employee and agent of the aforementioned defendants and was employed by the Defendant District as a Special Education Administrative Supervisor, among other things, responsible for supervising, monitoring, administering and implementing educational programs for the disabled students, including the individual IEP of Plaintiff Preschooler II. Furthermore, Defendant Davis is responsible to report and comply with *N.R.S.* § 388.521 *et. seq.* involving child abuse within the District.

46.     Plaintiffs are informed and believe that at all times mentioned herein Defendant Darryl Wyatt hereinafter "Wyatt" was and continues to be Principal of the Betsy Rhodes Elementary School, among other things, responsible for supervising, monitoring, administering and implementing educational programs for the autistic students. Furthermore, Defendant Wyatt is responsible to report and comply with *N.R.S.* § 388.521 *et. seq.* involving child abuse within the District.

47.     Plaintiffs are informed and believe that at all times mentioned herein the Defendants CCSD Board, District, Superintendent, Green, Harley, Davis and Wyatt (School District Administration Defendants) were and continue to be at times mentioned herein responsible for the training, supervision, discipline and monitoring of its teachers working, associates, affiliated and/or contracted to work at KIDS.

48.     Plaintiffs allege that at all times mentioned herein the acts and omissions of the School District Administration Defendants ratified the conduct, acts, omissions, policies and practices of the each other and the remaining Defendants who, among other things, imposed aversive interventions, corporal punishment, and verbal and mental abuse on Plaintiff Preschooler II; deprived him of his Federal and State Constitutional rights; the peaceful enjoyment of a **FAPE**; benefits, immunities, entitlements, services and assistance otherwise afforded to non-disabled students.

49.     Plaintiffs allege that at all times mentioned herein the School District Administration Defendants have created, established, enforced, implemented and administered a custom of

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

1   practice and usage which, among other things,

2   a.   Abdicated a statutory duty to implement and enforce a model program under
3   *N.R.S.* § 388.5285.

4   b.   Abdicated a statutory duty to implement and enforce reporting and a corrective
5   action plan under *N.R.S.* § 388.5295.1.2 and 3.

6   c.   Failed to supervise, enforce and administer educational programs to prevent,
7   report and take corrective and disciplinary actions for aversive interventions involving disabled
8   students such as Plaintiff Preschooler II.

9   d.   Abdicated their duty and care to implement the United States Congressional
10  intent to administer, implement, and establish a program for the disabled students, such as
11  Plaintiff Preschooler II free of oppression, physical and emotional abuse.

12  e.   Abdicated their duty and care to implement an educational and scholastic
13  environment supporting the peaceful enjoyment, life and liberty and educational opportunity
14  for its disabled students, such as Plaintiff Preschooler II.

15  f.   Deprived disabled autistic Preschooler II students between the ages of three (3)
16  and five (5) years of age their Federal and State Constitutional rights; the peaceful enjoyment of
17  **FAPE**; benefits, immunities, entitlements, services and assistance otherwise afforded to non-
18  disabled students.

19  g.   Deprived abused autistic students, such as Plaintiff Preschooler II, from an
20  effective program of prevention, intervention, reporting, investigation and discipline of incidents
21  of aversive intervention, corporal punishment, and verbal and mental abuse.

22  h.   Abdicated its statutory duty to enforce the laws protecting abuse of autistic
23  children in its public schools.

24  50.   Furthermore, the Plaintiffs allege that at all times mentioned herein the School District
25  Administration Defendants encouraged, ratified, supported, aided and inspired with act or
26  omission the practice of aversive interventions against disabled autistic Preschooler II by its
27  employees, teachers, educational contractors, educational sub-contractors, agents, representative

28

*Jane Roe v. State of Nevada, et al.*

COMPLAINT FOR JUDICIAL REVIEW,
DECLARATORY EQUITABLE RELIEF AND
DAMAGES

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

1    and administrators and/or school districts personnel under its jurisdiction.

2    51.    Plaintiffs are informed and believe that at all times mentioned herein the School District

3    Administration Defendants having the knowledge, capability, authority and jurisdiction that any

4    of the wrongs committed against the Plaintiffs that were done or that were to be done, as

5    mentioned hereinafter, and having the power, knowledge, capability, authority and jurisdiction

6    to stop, prevent, and correct the commission of same, neglected, refused, avoided, and/or did

7    not act to do so.

8    52.    Plaintiffs allege that the School District Administration Defendants were mandated to,

9    among other things, guard, protect, preserve and embrace the safety, peaceful educational

10    enjoyment and security of the Plaintiff Preschooler II, providing him with an education

11    environment free from hostility, violence, reprisal and aversive interventions, and the CCSD

12    Board failed to do so.

13    53.    Garcia, Green, Harley, Davis and Wyatt are being sued in their individual and official

14    capacity.

15    54.    Plaintiffs allege that Defendant Kathleen LiSanti, hereinafter "LiSanti", at all times

16    mentioned herein was the representative, employee and agent of the aforementioned School

17    District Administration Defendants and acted under color of law, policy, custom, usage and

18    practice when she engaged in aversive intervention. Plaintiffs allege that Defendant LiSanti

19    imposed corporal punishment and the use of aversive interventions on Plaintiff Preschooler II.

20    Hence, depriving the Plaintiff Preschooler II, among other things, of a **FAPE,** an environment

21    free from violence, reprisal, and an education specifically geared toward his needs as an autistic

22    disabled Preschooler II.

23    55.    LiSanti is sued in her individual and official capacity.

24    56.    Plaintiffs allege that it is unlawful for any governmental authority, or any agent thereof,

25    or any person acting on behalf of a governmental authority, such as the aforementioned

26    Defendants, and each of them, to engage in a pattern or practice of conduct by officials or

27    employees of any governmental agency with responsibility for the administration,

28

---

*Jane Roe v. State of Nevada, et al.*

**COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY EQUITABLE RELIEF AND DAMAGES**

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

1   implementation, supervision and education of disabled and autistic students  that deprives

2   persons of rights, privileges, or immunities secured or protected by the Constitution or laws of

3   the United States.

4   57.    Plaintiffs are uncertain as to the identity and capacity of Does 1 through 10, and will

5   move this Court for an order to amend this complaint once they has ascertained same.  Plaintiff

6   allege that the Does 1 through 10 defendants are equally and severely liable to the Plaintiffs for

7   the conduct of the remaining defendants.

8   58.    Plaintiffs allege herein that the training, supervision, discipline, and admonishment of

9   the subordinate Defendants named herein, by Defendants State Board, CCSD Board, Rheault,

10  District, Garcia, Green , Harley and Davis was at all times and/or in a manner relevant to this

11  action inadequate to the tasks that said subordinate Defendants had to perform; that the

12  inadequacy is the result of the Defendants State Board, CCSD Board and District's deliberate

13  indifference; and that the inadequacy is and was at all times mentioned herein in some manner

14  closely related to or actually caused the Plaintiffs' deprivations and injuries, as full stated herein.

15                    **ALLEGATIONS OF LAW AND EQUITY**

16  59.    All of the acts of Defendants, their officers, agents, servants, employees, or persons

17  acting at their behest or direction, were done, and are continuing to be done, under the color and

18  pretense of state law, including the ordinances, regulations, customs, policies, and usages of

19  State and District.

20  60.    Plaintiffs have no adequate or speedy remedy at law to correct or redress the deprivations

21  of their federal and state rights by Defendants.

22  61.    Unless and until the actions taken by Defendants, as described above and below, are

23  subject to declaratory remedies and/or enjoined, Plaintiffs will suffer, and continue to suffer,

24  irreparable injury to their federal and state constitutional rights.

25  62.    Defendants have, and are, acting in conscious disregard,  deliberate indifference, and/or

26  gross misjudgment and in bad faith as to the rights of the Plaintiffs, creating educational

27  harassment and a hostile environment,  as herein alleged.

28

*Jane Roe  v. State of Nevada, et al.*                                    COMPLAINT   FOR   JUDICIAL   REVIEW,
                                                                          DECLARATORY  EQUITABLE  RELIEF  AND
                                            Page 14 of 48   DAMAGES

## ETIOLOGY OF PLAINTIFF PRESCHOOLER II'S PATHOLOGY AND MEDICAL

## DISABLING ALIMENTS RELEVANT TO THIS ACTION

63.     06-30-1998    Plaintiff Preschooler II was seen at the Steinberg Diagnostic for an MRI of the brain. Plaintiff Jane Roe reports that Tuberous Sclerosis (TS) was confirmed.

64.     08-07-1998    Plaintiff Preschooler II was seen at the Southwest Medical for a kidney ultrasound.

65.     5-24 & 25-99   Plaintiff Preschooler II was hospitalized due to dehydration due to illness.

66.     01-01-1999    Plaintiff Preschooler II was seen at the Steinberg Diagnostics for an MRI of the brain. Plaintiff Jane Roe reports that more tubers were found since the previous MRI.

67.     12 - 1999    Plaintiff Preschooler II was hospitalized for four (4) days due to illness and dehydration.

68.     08 -2000    Plaintiff Preschooler II was seen by Dr. Katherine Sims, at MGH Neurogentics DNA Diagnostic Lab.

69.     09 - 2000    Plaintiff Preschooler II was seen at the Southwest Medical for a kidney and liver ultrasounds.

70.     12-16-2001    Plaintiff Preschooler II was seen at Sunrise Children's Hospital, on two emergency room visits on due to seizures. After the 1st one at around 11:10 a.m. or so, he was not himself for quite a while after the seizure and appeared to have several little seizures as well. Plaintiff Preschooler II had a fever, and eventually, at the hospital, they gave him a fever reducer. His Tegretol level was 6.6 which is too low for him. He had two additional seizures while at the hospital in the afternoon, and was given Atifan, which made him so sleepy he would not wake up. Plaintiff Preschooler II was returned home and he is reported to have slept until approximately 9:26 p.m. Plaintiff Jane Roe reports that Plaintiff Preschooler II had another seizure beginning at about 9:27 p.m. The seizure lasted 12 minutes. She took Plaintiff Preschooler II back to the emergency room. Plaintiff Preschooler II was diagnosed with Strep Throat, and was a bit dehydrated. He was administered Amoxycillin and 500cc of liquid through an IV. Plaintiff Preschooler II was administered Motrin since the Tylenol given by his

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westfall Drive, Suite 800
Las Vegas, Nevada 89145

1    mother had no positive effect. Plaintiff Jane Roe reports that few days later, the nurse from

2    Sunrise called and said that they found a staph infection in the urine.

3    71.    01-13-2002    On this particular day, Plaintiff Jane Roe reports that while Plaintiff

4    Preschooler II was playing by a swing set in a backyard, he grabbed hold of the steel leg and then

5    let himself down to the ground. She observed him flopping over, and trying to get up. However,

6    she reports that his legs didn't seem to be working. She comments that this was the first time she

7    noticed an apparent seizure of this type.

8    72.    01-20-2002    While at Leid school playing on the gym equipment, Plaintiff Jane Roe

9    reports observing Plaintiff Preschooler II having trouble with his right leg strength. He appeared

10   hesitating to climb up some stairs. She comments that was just odd. She reports that Plaintiff

11   Preschooler II did not fall down and did hold on to a rail.

12   73.    02-06-2002    Plaintiff Jane Roe reports that Plaintiff Preschooler II had a seizure. He

13   was drooling while crying. She suspects that Plaintiff Preschooler II lost consciousness. She

14   reports that the seizure happened after his nightly dose of Tegretol - 10 ml.

15   74.    09-05-2002    Plaintiff Preschooler II was seen by Dr. Johanna S. Fricke at the University

16   of Nevada School of Medicine Department of Pediatrics. Dr. Fricke is reported to be a

17   behavioral analyst. Plaintiff Jane Roe indicates that she wanted Plaintiff Preschooler II to be

18   evaluated by Dr. Beasley, however, her waiting list was way too long. Plaintiff Jane Roe

19   indicates that Dr. Fricke performed a physical check up and was going to speak with Dr. Johns

20   about a behavioral medicine. However, Plaintiff Jane Roe reports that she opted not to go with

21   medicine as she did not think Plaintiff Preschooler II's behavior justified use of medicine at this

22   time. Plaintiff Jane Roe also comments that she felt Dr. Fricke aggravated Plaintiff Preschooler

23   II's mood rather than improved it. The Tegretol increased to 12.5 ml

24   75.    09-09-2002    Plaintiff Preschooler II was seen by Dr. William Evans at the Children's

25   Heart Center, for a heart ultrasound.

26   76.    10-07- 2002    Plaintiff Preschooler II was seen at the Steinberg Diagnostics for an MRI

27   of the brain.

28

*Jane Roe v. State of Nevada, et al.*

COMPLAINT FOR JUDICIAL REVIEW,
DECLARATORY EQUITABLE RELIEF AND
DAMAGES

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

77.     10-16-2002    Plaintiff Jane Roe reports that Plaintiff Preschooler II had seizures at school. Stiffening, he seemed a bit sick, and was very tired after the seizures, but then at night, he was all perky again. So, she gave him 12.5 cc instead of 10cc at 4:00 p.m. He reports that she had missed his night dosage because he went to sleep just after 8:00 p.m., and then in the morning, about 6:30, she reports of giving Plaintiff Preschooler II the 12.5 cc again.

78.     10-28-2002    Jane Roe reports that Plaintiff Preschooler II had another seizure at school. Started with him crying a whole bunch, and then he got a horrified look on his face, and then started breathing badly and coughing. She reports that the school faculty told her Plaintiff Preschooler II couldn't catch his breath, but the coughing helped him breathe. Plaintiff Jane Roe was also told that Plaintiff Preschooler II was observed forcefully banging his head against the person who was holding him. And, he had started falling maybe before he started crying - she was not sure, but he also was shaking and shivering, per the school faculty. She also indicates that the Plaintiff Preschooler II was observed doing something with his mouth before the seizure. She reports that the duration of the seizure was approximately forty (40) minutes. Plaintiff Preschooler II mother reports that he could not go to sleep and that she did not observe him napping during the day. She reports that Plaintiff Preschooler II complained of stomach pain before he was put to bed, and wanted to lay on his "belly" on her lap. She recalls that the same thing happened at the school that day.

79.     10-29-2002    School called. Plaintiff Preschooler II sleeping and hard to wake up, and even when on playground, he was groggy.

80.     10-31-2002    Plaintiff Preschooler II's father said that a few weeks ago, Plaintiff Preschooler II had a seizure that didn't last long.

85.     11-14-2002    Plaintiff Preschooler II is reported to have suffered a seizure. However, his mother reports that "Didn't last as long as the last one." She described the following, "Plaintiff Preschooler II yelled, coughed, had irregular breathing and went over on his stomach. Was lethargic for a few minutes afterwards, but recovered. Nurse didn't see it, and class hasn't discovered a reason for it to happen. We didn't miss a dose this time, and it happened."

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

86.   Plaintiff Preschooler II was seen at Neurology Associates, due to Betsy Rhodes nurse's concerns about Plaintiff Preschooler II's sleepiness. Plaintiff Jane Roe reports that Plaintiff Preschooler II's treating physician tried to reduce the Tegretol levels. They were reduced to 10 ml, which she claims wasn't enough. She also reports that the physician raised the Tegretol to 11 ml. Dr. Johns' records will show what we did. Decrease to 10 ml then increase to 11 ml.

87.   05-13-2003   Mother reports that Plaintiff Preschooler II was taken by ambulance to UMC due to what she describes as a grand mal seizure. She reports that drooling was also observed during this episode.

88.   07-06- 2003   Mother reports Plaintiff Preschooler II suffered what appears to be a grand mal seizure.

89.   Summer 2003 Plaintiff Preschooler II was seen at the Southwest Medical for a chest X-Ray. On various dates Plaintiff Preschooler II was seen at Children's Heart Center for ultrasounds, EKG, Holter Monitoring due to the presence of tubers and irregular heart beat.

## EVENTS AND INCIDENTS RELEVANT TO THIS ACTION

90.   Plaintiff Preschooler II was at all times mentioned herein a four year old autistic child with TS who attended Betsy Rhodes Elementary School, located in Las Vegas, Nevada, during the 2002-2003 academic school year.

91.   Plaintiff Preschooler II was born in Las Vegas, Nevada on June 3, 1998.

92.   On or about May 9, 2001 a Multidisciplinary Team Report (hereinafter "MDT") was conducted on Plaintiff Preschooler II's behalf. Respondent deemed Plaintiff Preschooler II eligible to receive special education services under the primary category of health impairment other than orthopedic. Autism was determined a secondary eligibility.

93.   At all times mentioned herein, Plaintiff Preschooler II was classified, categorized, diagnosed and accepted as a Preschooler II with disabilities under the category of health impairment other than orthopedic.

94.   Other health impaired is defined under the *N.A.C.* § 388.046 as:

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

a.   Health impairment that limits the strength, vitality or alertness of the pupil, including, without limitation, a heightened alertness to environmental stimuli which results in limited alertness with respect to the educational environment and which:

b.   Is caused by chronic or acute health problems such as asthma, attention deficit disorder or attention deficit hyperactivity disorder, childhood disintegrative disorder, diabetes, epilepsy, a heart condition, hemophilia, lead poisoning, leukemia, nephritis, rheumatic fever, Rett's disorder and sickle-cell anemia; and

c.   Adversely affects the educational performance of the pupil.

95.   Plaintiff Preschooler II suffers from tuberous sclerosis (TS), a disorder which is accompanied by autism.

96.   Autism is defined under the *N.A.C.* § 388.028 as:

d.   Significantly affects the verbal and nonverbal communication and social skills of a person and is often characterized by repetitive activities and stereotyped movements, resistance to changes in environment or daily routine and responding to sensory experiences in an unusual manner,

e.   Is usually apparent before the age of three (3) years, and

f.   Adversely affects the educational performance of a pupil causing significant delays or irregular patter in learning, or both.

97.   Plaintiff Preschooler II suffers from a seizure disorder related to his tuberous sclerosis (TS) disorder.

98.   Defendants were aware of Plaintiff Preschooler II's medical condition including his seizure disorder and frequent seizure episodes.

99.   On or about August 29, 2002, Plaintiff Preschooler II was four years old and three months.

100.   On or about August 29, 2002, Plaintiff Preschooler II enrolled at Betsy Rhodes Elementary School located at 7350 Tealwood Street, Las Vegas, Nevada 89131 in the Kids Intensive Delivery of Services Program (hereinafter "KIDS" program). The KIDS program is

PEARSON, PATTON, SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

1   a full-day in-school classroom program for autistic children between the ages of three and five

2   years old.

3   101.   At the time of enrollment August 29, 2002, Plaintiff Preschooler II exhibited no

4   aggressive behaviors that impeded his learning.

5   102.   Plaintiffs allege as established by independent eyewitness sworn testimony at Plaintiffs'

6   due process hearing, that on or about September 27th, 2002, school aide Peggy Cravish grabbed

7   Plaintiff Preschooler II's classmate by the right arm in a twisting fashion with sufficient force

8   to cause bodily injury and thrown two and a half (2 ½) feet.

9   103.   Defendants State, Garcia and Wyatt were informed on or about September 30, 2002 and

10   contemporaneously served with written and/or e-mail confirmation by parent eyewitnesses of a

11   classmate of Preschooler II, Mr. And Mrs. S., regarding said violent and unprovoked assault on

12   Preschooler II's classmate.

13   104.   Mr. And Mrs. S. described that school aide Cravish violently grabbed Plaintiff

14   Preschooler II's classmate, twisted his right arm, causing his body to flex in a painful manner,

15   lifting him from his statutory sitting position then violently throwing him approximately two and

16   a half ( 2 ½) feet towards the wall.

17   105.   As a consequence of witnessing the hostile and violent environment in the KIDS

18   classroom, Mr. and Mrs. S. immediately removed their own child from the KIDS program at

19   Betsy Rhodes Elementary School.

20   106.   Plaintiffs assert that Defendants State, Garcia and Wyatt were bound by *N.R.S.* §

21   388.521 *et. seq* to report to the Defendant CCSD Board of Trustees not later than 24 hours or

22   soon thereafter as the assault and battery constituting aversive intervention is discovered and

23   failed to do so.

24   107.   On October 31, 2002 an Individualized Educational Plan (hereinafter "IEP") was

25   conducted at Betsy Rhodes Elementary School on behalf of Plaintiff Preschooler II due to his

26   dramatic regression concerning aggressive behaviors that impeded Plaintiff Preschooler II's

27   learning.

28

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

108.    After two months of enrollment at the KIDS program, Plaintiff Preschooler II was exhibiting aggressive behaviors including: (1) hitting, (2) biting and (3) kicking. The behaviors previously mentioned were not observed prior to enrollment.

109.    As a result of Plaintiff Preschooler IIs increased aggression that impeded his learning, Defendants granted supplementary supports and services that included an intensive home behavioral intervention program consisting of monthly workshops and 20 hours of 1:1 tutoring.

110.    Plaintiffs allege that the District agreed to only twenty (20) hours per week of intensive 1:1 behavioral intervention, which the Plaintiffs allege that Defendant Districts actions were unconscionable and fell below the standard of care involving disabled and/or autistic Preschooler II and those similarly situated.

111.    Plaintiffs allege that Defendants did not provide Plaintiff Preschooler II with positive methods of behavioral supports as required pursuant to *Title* 20 *United States Code* § 1414(d)(3)(B)(i); *N.A.C.* § 388.284(3)(C)(1)(2).

112.    Plaintiffs allege that on or about the month of October 2002, Plaintiff Preschooler II sustained suspicious bruising to the inner thigh regions in addition to a thick fingernail scratch to his neck region.

113.    In or about October/November of 2002, art teacher Patricia Been hereinafter "Been" witnessed Defendant LiSanti screaming at the children in Plaintiffs Preschooler II's classroom in an aggressive and alarming manner sufficient to cause concern by Been for the children's welfare which she reported to her supervisor at the District and the Low Incidence Team of the Defendant's district.

114.    Plaintiffs assert that Defendant District was bound by *N.R.S.* § 388.521 et. seq. to report to the Defendant CCSD Board of Trustees not later than 24 hours or as soon thereafter as the aversive intervention constituting verbal and mental abuse is discovered and failed to do so.

115.    On or about January 3 to 5, 2003, Plaintiff Preschooler II's initial Lovaas Institute For Early-Intervention hereinafter "LIFE" workshop was conducted. The LIFE consultant. Shawn Regnier recommended 35-40 hours per week of intensive 1:1 behavioral intervention.

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

116.    Plaintiffs allege that Defendants failed to provide appropriate supplementary supports and services to Plaintiff Preschooler II due to their refusal to provide 35-40 hours of 1:1 intensive home tutoring as recommended by District's approved provider LIFE.

117.    Plaintiffs allege that the District rejected, ignored and discounted the written recommendations of LIFE and Regnier, LIFE consultant, despite the fact that Regnier's services were reimbursed by the District. Hence, the Plaintiffs allege that the District deprived Plaintiff Preschooler II of an appropriate prospective educational benefit that was meaningful.

118.    Plaintiffs allege on or about the month of January 2002, as testified under oath at Plaintiff Preschooler II's due process hearing, that Plaintiff Preschooler II was required to walk without shoes across the asphalt on four (4) separate occasions as an aversive behavioral intervention violating Clark County School District Regulations and *N.R.S.* § 388.5295 and exposing Plaintiff Preschooler II to serious physical and emotional trauma.  Autistic children are hyper-sensitive to such and active stimulate.

119.    Plaintiffs allege, as testified under oath, that defendant Wyatt had knowledge of the violation but failed to report it pursuant to *N.R.S.* § 388.521.

120.    Plaintiffs allege that Defendant Wyatt was bound by statute to complete a *N.R.S.* § 388.521 et. seq. report to Defendant CCSD Board of Trustees within twenty-four (24) hours ,or as soon thereafter, becoming aware that the aforementioned aversive intervention constituting child endangerment occurred and failed to do so.

121.    Plaintiffs allege that on or about the month of March 2003, teacher Been witnessed Defendant LiSanti assault and batter Plaintiff Preschooler IIs classmate, in Plaintiff Preschooler II's presence, by grabbing both wrists and violently and forcefully causing him to repeatedly strike himself about the face and head approximately ten (10) to twelve (12) times.  Been reported said incident to District personnel, including Defendant Wyatt on or about March 30, 2003.

122.    Plaintiffs assert that Defendant Wyatt was bound by statute to complete a *N.R.S.* § 388.521 *et. seq.* report to Defendant CCSD Board of Trustees within twenty four (24) hours, or

---

PEARSON, PATTON, SHEA. FOLEY & KURTZ, P.C. 6900 Westcliff Drive, Suite 800 Las Vegas, Nevada 89145

1    as soon thereafter, becoming aware that the aforementioned aversive intervention constituting

2    assault and battery occurred and failed to do so.

3    123.    Plaintiffs allege, as testified under oath by Defendant Wyatt, that Plaintiff Preschooler

4    II was also assaulted by Defendant LiSanti.

5    124.    Plaintiffs allege, as testified under oath by Defendant Wyatt, that Defendant LiSantis'

6    assault was aversive enough to require compliance with *N.R.S.* § 388.521 *et. seq.*

7    125.    Plaintiffs allege, as testified under oath, that on or about the month of March 2003,

8    Plaintiff Preschooler II was assaulted at circle time by Defendant LiSanti, when Defendant

9    LiSanti grabbed Plaintiff Preschooler II's hands and slapped him repeatedly while telling him

10   "not to do this."

11   126.    Plaintiffs allege, as testified under oath by Kathy DiSario and substantiated by other

12   witnesses that Defendant LiSanti apologized for this assault and battery of Plaintiff Preschooler

13   II.

14   127.    Plaintiffs allege, as testified under oath by Kathy DeSario, that Defendant Wyatt was

15   notified of the aversive intervention.

16   128.    Plaintiffs assert that Defendant Wyatt was bound by statute to complete a *N.R.S.* §

17   388.521 *et. seq.* report to Defendant CCSD Board of Trustees within twenty four (24) hours, or

18   as soon thereafter, becoming aware that the aforementioned aversive intervention consisting of

19   assault and battery occurred but failed to do so.

20   129.    Plaintiffs allege on or about March 17, 2003 ,as testified under oath by Kathy DeSario,

21   that Defendant LiSanti employed an aversive behavior intervention on Plaintiff Preschooler II's

22   classmate by pulling his hair to require him to follow instructions.

23   130.    Plaintiffs allege on that same date, March 17, 2003, as testified under oath by Plaintiff

24   Jane Roe, Defendant LiSanti documented in writing noticeable bruising to Plaintiff Preschooler

25   II's arm areas.

26   131.    Plaintiffs allege, as testified by Detective Loren Johnson, that Defendant LiSanti

27   slammed Plaintiff Preschooler II in a chair as an aversive intervention.

28

---

*Jane Roe v. State of Nevada, et al.*

**COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY EQUITABLE RELIEF AND DAMAGES**

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

132.    Plaintiffs allege, as testified by Mr. and Mrs. S., that Plaintiff Preschooler II's classmate sustained unusual bruising to the buttock and tailbone region.

133.    Plaintiffs allege, and as testified at Plaintiffs due process hearing, that Plaintiff Preschooler II sustained unusual bruising to the inner thigh regions.

134.    On or about April 2, 2003, an IEP was conducted at Betsy Rhodes Elementary School on Plaintiff Preschooler II's behalf.  Defendant Wyatt was present.

135.    Plaintiffs assert that Defendant Wyatt failed to notify Plaintiff Jane Roe of any of the aforementioned abuse that Plaintiff Preschooler II had been subjected to, reported to and failed to disclose it to Plaintiff Jane Roe during this April 2, 2003 IEP meeting.

136.    At the IEP, Plaintiff Jane Roe requested additional home intervention hours to address Plaintiff Preschooler II's regression regarding inappropriate violent behaviors and to comply with LIFE's recommendations.

137.    Defendant Wyatt failed to inform Plaintiff Jane Roe of the abuse at the hands of Defendant LiSanti thus depriving her of meaningfully participating in the IEP.

138.    On April 3, 2003, Plaintiff Jane Roe was notified by Defendant Wyatt that an allegation of child abuse by Defendant LiSanti involved her child, Plaintiff Preschooler II.  In addition, Defendant Wyatt notified Plaintiff Jane Roe that the allegation was pending investigation. Furthermore, Defendant Wyatt failed to inform Plaintiff Jane Roe of the earlier assaults and batteries that had taken place including the required walks across the asphalt without protective foot covering.

139.    Plaintiffs are informed and believes that Defendants State, Garcia and Wyatt were bound by *N.R.S.* § 388.521 *et. seq.* to file a report, correct and discipline, but failed, refused, and omitted to do so, depriving Plaintiffs of their statutory rights to a timely investigate, address, correct, discipline and prevent future aversive interventions.

140.    On or about April 15, 2003, Defendant Wyatt notified Plaintiff Jane Roe that the investigation was complete.  A determination had been reached that Defendant LiSanti's techniques were improper but not criminal.

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

141.     Plaintiff Jane Roe was concerned that a hostile, physically abusive environment had been created by Defendant LiSanti and requested an educational change of placement. Plaintiff Preschooler II was placed at another elementary school located in the Northwest Region within CCSD's geographical boundaries.

142.     On June 17, 2003, Plaintiffs requested an impartial due process administrative hearing to adjudicate whether or not Defendants CCSD Board District, Garcia, Green, Harley and Wyatt had complied with *N.R.S.* § 388.521 *et. seq. and* other procedural and substantive matters including, but not limited to, deprivation of FAPE.

143.     On or about June 22, 2003, Defendant State received notice of Plaintiffs' allegations and appointed Ann Padover, PhD, whom Defendant State appoints, employs, trains and supervises, to preside as the administrative hearing officer.

144.     On July 17, 2003, Plaintiffs agreed to participate in a voluntary, non-binding mediation conference. The parties were unsuccessful at reaching an agreement.

145.     On or about August 15, 2003, Defendant District submitted a proposed settlement agreement, including but not limited to, offering Plaintiff Preschooler II 60 hours of tutor hours as compensatory education to resolve the dispute. Plaintiffs refused the offer and the parties prepared for hearing.

146.     On or about August 21, 2003, Plaintiffs counsel requested a lawful subpoena for Detective Loren Johnson's notes and records regarding the investigation regarding the alleged abuse against Plaintiff Preschooler II. Defendant District did not oppose Plaintiffs' counsel subpoena.

147.     On August 25, 2003, Defendant District submitted a Brief in Opposition to the Applicability of *N.R.S.* § 388.521 et. seq. regarding its application and relevance under the IDEA. Plaintiffs responded August 26, 2003.

148.     On August 26, 2003, Hearing Officer Padover, that was appointed, employed, trained and supervised by Defendant State adjudicated that *N.R.S.* § 388.521 et. seq. did not apply to IDEA and its regulations. Plaintiffs counsel was specifically precluded from questioning

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

1   witnesses as to any failures to  report and comply with the use of aversive interventions

2   according to state statute.

3   149.   On August 26, 27 and September 2, 3, 4, 2003 an administrative hearing was conducted

4   in Las Vegas, Nevada.

5   150.   During the administrative hearing, Hearing Officer Padover refused Plaintiffs counsel

6   request to review Detective Johnson's notes as he refreshed his recollection while testifying.

7   Plaintiffs counsel was refused permission to inspect the notes/records despite being lawfully

8   subpoenaed.

9   151.   Hearing Officer Padover who was appointed, employed, trained and supervised by

10   Defendant State ordered prior to direct examination Plaintiffs counsel to submit, questions

11   anticipated for Detective Johnson and removed certain questions from Plaintiffs counsel's list

12   regarding failures to comply with *N.R.S.* § 388.521 et. seq.

13   152.   On October 10, 2003, Hearing Officer Padover ordered the following relief: "1 hour for

14   each 1 hour of instruction for the days from the first day of 2002/2003 school year that petitioner

15   began attending the School component until the Teacher returned from the Absence."

16   153.   Hearing Officer Padover instructed that those hours were to be calculated by multiplying

17   each instructional day (based upon the school calendar) from the beginning of the 2002/2003

18   school year, by 6 hours and ten minutes.

19   154.   Hearing Officer ordered Defendant District to calculate those hours accordingly and

20   provide the exact number to Plaintiffs within ten business days of the receipt of her decision.

21   155.   On October 24, 2003, Plaintiffs timely appealed the decision of Hearing Officer

22   Padover. Defendant District did not cross appeal.

23   156.   Defendant District failed to comply with Hearing Officer Padover's order instructing

24   calculation of the compensatory relief awarded to Plaintiff within ten days of the receipt of the

25   due process decision.

26   157.   On or about November 11, 2003, Defendant State appointed Joyce O. Eckrem, Esq. as

27   the State Review Officer (hereinafter "SRO") to review Hearing Officer Padover's decision.  A

28

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

1    case conference was conducted on or about November 20, 2003.

2    158.   On or about November 19, 2003, Defendant District offered Plaintiffs a settlement

3    articulating Hearing Officer Padover's order dated October 10, 2003 awarding 226 hours of

4    compensatory education by calculating 37 days x. 6.10 hours. Plaintiffs refused the settlement

5    proposal.

6    159.   On or about November 20, 2003, Plaintiffs counsel requested inspection of Detective

7    Johnson's notes and records that had been previously denied counsel at the administrative

8    hearing level even though lawfully subpoenaed and not objected to by defendant District.

9    160.   On or about November 26, 2003, Petitioner's counsel submitted written arguments to

10   include Detective Johnson's notes as additional evidence pursuant to *Title* 34 *Code of Federal*

11   *Regulations* § 300.565.

12   161.   SRO Eckrem, adjudicated the release of Detective Johnson's report to

13   Plaintiffs' counsel. On January 14, 2004, defendant District made no objection to the release.

14   162.   On or about January 16, 2004, Plaintiffs counsel reviewed detective Johnson's written

15   report that was lawfully subpoenaed on August 21, 2003 and discovered the reference to

16   recorded interviews with several witnesses regarding the investigation including due process

17   witnesses: Darryl Wyatt, Kay Davis, Lynette Lofgren, Erika Few, Patricia Been, Kathy DeSario

18   and Kathy LiSanti.

19   163.   On January 29, 2004, Plaintiffs' counsel submitted written arguments requesting the

20   release of this tangible evidence withheld to Plaintiffs at the administrative hearing level.

21   164.   On February 2, 2004, SRO Eckrem who was appointed, employed, trained and

22   supervised by Defendant State denied Plaintiffs counsel the right to inspect the tangible evidence

23   of recorded statements of witnesses at the due process hearing.

24   165.   On February 23, 2004, SRO Eckrem issued a final decision adjudicating that Defendant

25   District failed to provide Plaintiff Preschooler II FAPE in that Defendant District failed to

26   comply with behavioral management in accordance with the *Nevada Administrative Code*.

27   166.   SRO Eckrem who was appointed, employed, trained and supervised by Defendant State

28

*Jane Roe v. State of Nevada, et al.*

COMPLAINT FOR JUDICIAL REVIEW,
DECLARATORY EQUITABLE RELIEF AND
DAMAGES

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

adjudicated NRS 388. 521 et. seq. is a "state standard that a hearing officer must consider when addressing the issue of FAPE" (Decision SRO, p. 17).

167.    SRO Eckrem who was appointed, employed, trained and supervised by Defendant State, then determined that hearing officers have no authority to ensure that local school districts and state educational agencies follow *generally* the statutes of the state, including NRS 388.521, but evidence of aversive interventions could be a denial of FAPE if there is a "nexus between the prohibited intervention and either a serious infringement on the parent's opportunity to participate in the IEP process or the student's inability to benefit from his or her education." (SRO Decision, p. 19):

<blockquote>
a)    The original hearing officer, Padover, found credible evidence of aversive interventions with respect to Plaintiff Preschooler II by on four occasions requiring Plaintiff Preschooler II to walk across the playground barefoot, contrary to Clark County School District regulations that at all times students must wear protective foot covering (CCSD regulations IV(A), Hearing Exhibit P204).

b)    It was also found by the hearing officer, Padover, who took the testimony of a number of witnesses "in several instances when a student, sometimes the Petitioner (Preschooler II) was self-stimulating by slapping himself on the face the teacher was described by various witnesses as overcorrecting the behavior by holding their hands and 'slapping' their face with verbal instruction 'not to do this.'

c)    The SRO Eckrem affirmed these aversive interventions and the findings and that they were deemed inappropriate (SRO decision, page 36, footnotes 31-32).
</blockquote>

PEARSON, PATTON, SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

1       d)    SRO Eckrem having recognized aversive interventions

2   found that aversive interventions were a denial of FAPE

3   and the non-disclosure seriously infringed on the parents'

4   participation and the IEP process and further found an

5   additional (but unnecessary) violation of FAPE in that the

6   IEP was not designed to meet Plaintiff Preschooler II's

7   specific behavioral needs, i.e., his increasing violent

8   behaviors.

9   168.   Having made these specific findings as a matter of law and fact, SRO Eckrem

10   unaccountably and in contradiction to her own earlier findings, failed to find a <u>per se</u> violation

11   of NRS 388.521 noting:

12       "The SRO is not approving of the use of such [aversive]

13   techniques with children. Indeed, the SRO has noted above that

14   had parents been aware of their right to participate in establishing

15   the methods of intervention, these interventions may not have

16   been used at all." (SRO decision at page 51)

17   169.   SRO Eckrem upheld the administrative relief previously adjudicated and additionally

18   awarded data collection on Plaintiff Preschooler II's behaviors that impede his school learning

19   and if those behaviors are determined to impede learning, awarded, an additional thirty (30)

20   minutes per week of intensive home behavioral intervention.

21   **FIRST CAUSE OF ACTION**

22   **PETITION FOR DE NOVO JUDICIAL REVIEW; DECLARATORY AND**

23   **EQUITABLE RELIEF; ATTORNEYS FEES**

24   **I**

25   **FACTS RELEVANT TO THIS PETITION**

26   170.   Plaintiffs incorporate herein by reference, as though fully stated herein all the above

27   referenced allegations.

28

*Jane Roe v. State of Nevada, et al.*

COMPLAINT FOR JUDICIAL REVIEW,
DECLARATORY EQUITABLE RELIEF AND
DAMAGES

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

171.   Plaintiffs seeks judicial de novo review of the State of Nevada Hearing Officer's and the State of Nevada Reviewing Officer's decisions, as fully stated herein.

## II

**A.     District Court has Jurisdiction to adjudicate this matter De Novo**

172.   The district court had subject matter jurisdiction under *Title* 28 *United States Code* § 1331 and *Title* 20 *United States Code* § 1415(e)(2), (e)(4) because this case arose under the Individuals with Disabilities Education Act, *Title* 20 *United States Code* § 1400 et seq. We have jurisdiction under *Title* 28 *United States Code* § 1291.

173.   Any party aggrieved by the result of the administrative proceedings in the state system has the right, under *Title* 20 *United States Code* § 1415(I)(2), to bring a civil action in the district court, and

In any action brought under this paragraph, the court—

(i)      shall receive the records of the administrative proceedings;

(ii)     shall hear additional evidence at the request of a party;  and

(iii)    basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

174.   Plaintiffs, seek to invoke the stay-put provision of IDEA at *Title* 20 *United States Code* § 1415(j), and to establish Plaintiff Preschooler II's current educational placement.  The Act's stay-put provision provides in relevant part that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child." *Title* 20 *United States Code*  § 1415(j). "This provision is, in effect, an automatic preliminary injunction." *Zvi D. v. Ambach*, 694 F.2d 904, 906 (2nd Cir. 1982).

175.   Plaintiffs allege that the Defendants have established a custom, usage, and practice that undermines the provisions of *N.R.S.* § 388.529 and *N.R.S.* § 388.5295 enacted to protect disabled and autistic students.  In failing to report the abuses stated above, the Defendants had in effect created a de facto discriminatory custom, usage and practice which treats non-disabled

PEARSON, PATTON.
SHEA, FOLEY & KURTZ. P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

students reporting abuse procedure differently than disabled and autistic students. *Ergo*, depriving the disabled and autistic student of the Equal Protection guarantees under the Fourteenth Amendment, by treating them with deprived and/or deliberate indifference.

176.    Furthermore, Plaintiffs allege that the State and School Administration Defendants are recipients of federal subsidies pursuant to *Title* 42 *United States Code* § 5106, and that pursuant to § 5106c *et seq*, said Defendants are bound by federal law to investigation and prosecution cases of child abuse and neglect, such in this instance.  However, Plaintiffs allege that said Defendants have and continue to enjoy the benefits of such financial subsidy without enforcing its mandates.

177.    Plaintiffs allege that all of the acts of Defendants, their officers, agents, servants, employees, or persons acting at their behest or direction, were done, and are continuing to be done, under the color and pretense of state law, including the ordinances, regulations, customs, policies, and usages of State, State Board, CCSD Board and District.

178.    Plaintiffs are informed and believe that the Defendants were and continue to be, at all times mentioned herein recipients of certain federal funds for the ADA, RA and IDEA.

179.    Plaintiffs are informed and belief that the Defendants were at all times mentioned herein mandated to create, implement, administer, protect the due process and guarantee equal protection under both the *Fourth* and *Fourteenth Amendments* to the United States Constitution of their disabled students, who are also recipients of said funding.

180.    Plaintiffs are informed and believe that the Defendants used said funding to organize, establish, supervised and implement the following, but not limited  programs, services, entitlements and benefits:

      a.    Individual Education Programs.

      b.    Special Education Programs and Services, including and not limited to:

          i.    Evaluation of the disabled student by the Multi disciplinary Team.

          ii.    Evaluation by professionals in the fields or speciality of (a) autism, (b) speech pathology; (c) classroom and home assessments; (d) methodology assessment in

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

1   implementing the recommendations of said processionals; (e) effective autism treatment; (f) data

2   accumulation and analysis to design an education in-school and/or home behavior plan by

3   engaging the services of Lovaas Institute for Early - intervention, and other services.

4           iii.     Implementation of other programs and/or services, such as, but not limited

5   to:

6           (1)    The Kids Intensive Delivery of Services program.

7           (2)    Enforcement of mandatory reports of child abuse and  neglect

8

9   pursuant to the *N.R.S.* § 388.521 *et seq.*

10     c.    Due Process hearing, should a conflict arise.

11     d.    Access and redress to either the Superior Court of the State of Nevada or the

12   United States District Courts should a disagreement arise in the adjudication of issues at the Due

13

14   Process hearing.

15     e.    Declaratory and Injunctive Relief.

16     f.    Award of attorney(s) fees and costs.

17

18   181.   Plaintiffs contend that the State of Nevada legislature has implemented and mandates a

19   higher standard of care, accountability and culpability in the creation, organization and

20   implementation of the **IDEA**, then it is proscribed by federal statutes.

21   182.   The Plaintiffs are informed and believe that once Plaintiff Preschooler II was accepted

22

23   to participate in the aforementioned programs and/or services, they became also recipients of the

24   federal financial and educational funding. Therefore , the Plaintiffs became parties to and entitled

25   to enforce the contract between the Defendants and the federal agenc(ies) providing said

26

27   financial and education funding.

28

COMPLAINT FOR JUDICIAL REVIEW,
DECLARATORY EQUITABLE RELIEF AND
DAMAGES

183.    Plaintiffs have no adequate or speedy remedy at law to correct or redress the deprivations of their federal and state rights by Defendants.

184    Unless and until the actions taken by Defendants, as described above and below, are enjoined, Plaintiffs will suffer, and continue to suffer, irreparable injury to their federal and state constitutional rights. Defendants have, and are, acting in conscious disregard of the rights of the Plaintiffs.

185.    Plaintiffs allege that pursuant to the **IDEA**, federal courts reviewing state administrative proceedings are, among other things,  to". . . *receive the records of the administrative proceedings* . . ." (**Title** 20 **United States Code** § 1415(i)(2)(B)) ". . . *hear additional evidence at the request of a party* . . ." (*Id*) and ". . . *grant such relief as the court determines is appropriate* . . ." (*Id*) based on a preponderance of the evidence.. Thus, Plaintiffs allege that the United States Congress intended ". . . *judicial review in IDEA cases [to] differ substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review*." (*Ojai Unified Sch. Dist. v. Jackson*, (9th Cir. 1993) 4 F.3d 1467, 1471).

186.    Plaintiff Jane Roe further alleges that at the administrative process she was told that the mandatory reporting requirements pursuant to the **N.R.S.** § 388.521 et. seq., were inapplicable to the **IDEA**. The administrative officers ruled that they had no jurisdiction to generally adjudicate the issue of enforcement of NRS 388.521 et. seq.

187.    Plaintiffs contend that **N.R.S.** § 388.521 et. seq., is a protective and cautionary, significant and relevant extension of the **IDEA** since the State of Nevada Legislature

---

PEARSON, PATTON.
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

incorporated in **IDEA** with a higher standard of accountability, procedural mandates and culpability then its federal counterpart. Therefore, *N.R.S.* § 388.521 et. seq., must be enforced as part of the **IDEA** and is not at the discretionary power or outside the jurisdiction of the Defendants. Therefore, the Plaintiffs see seek an order from this Court to so declare, as fully sought, herein.

188. Plaintiffs allege that IEPs were convened at the school site relative to Plaintiff Preschooler II . The IEP failed to comply with mandatory federal and state procedural guidelines in regard to formation and content pursuant to *Title* 34 *Code of Federal Regulations* §§ 300.26 and 300.347 as amended in 1999 that qualified Plaintiff Preschooler II for special education under the category of autism and failing to plan, provide and implement a substantially appropriate and substantively and procedurally correct IEP and services pursuant to *Title* 34 *Code of Federal Regulations* §§ 300.26 and 300.340-300.347 as amended in 1999.

189. Furthermore, the Plaintiffs allege that the IEPs failed to provide Plaintiff Preschooler II a full and appropriate educational opportunity with appropriate special education support and services  pursuant to *Title* 20 *United States Code* §§ 1412 and 1414; and *Title* 34 *Code of Federal Regulations* § 300.304.

190. Moreover, the Plaintiffs allege that the IEPs failed to follow the mandated placement procedures pursuant to *Title* 34 *Code of Federal Regulations* §300.535

191. Additionally, the Plaintiffs allege that the IEP failed to provide a full continuum of appropriate placement, program and service options pursuant to *Title* 34 *Code of Federal Regulations* §§ 300.551 and 300.552.

---

*Jane Roe  v. State of Nevada, et al.*

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY EQUITABLE RELIEF AND DAMAGES

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

192.    In addition, the Plaintiffs allege and as found by the SRO that the IEP failed to ensure Plaintiff Preschooler II's behavioral intervention program and related services at no cost to his parent pursuant to *Title* 34 *Code of Federal Regulations* §§ 104.33 and 300.300.

193.    Likewise, the Plaintiffs allege and as found by the SRO that the IEP failed to provide appropriate strategies and methods of positive behavioral intervention pursuant to *Title* 20 *United States Code* §1414(d)(3)(B)(i);*N.A.C.* §§388.284(3)(C)(1)(2) and §388.077.

194.    Plaintiffs contend that they are, as a matter of law and fact, considered the prevailing party.  They alleged the have substantially prevailed on the merits of their case.  They further alleged they succeeded in changing the legal relationship between the parties.  Accordingly, they are entitled, as such, to reasonable attorney fees and costs for the underlying administrative hearing and in bringing  this petition for judicial  review.

195.    Plaintiffs allege that as part of the conduct and omissions exhibited by the Defendants, and each of them, the Defendants failed to properly consider Plaintiff Preschooler II's  unique and individual needs as a child with autism and TS, or to plan or provide an appropriate individualized educational program for Plaintiff Preschooler II to address these needs in a full continuum of placement, claiming that he could be adequately served in a generic group-based educational program as was available in the district without the benefit of affording Plaintiff Preschooler II proper supplementary services and supports.

196.    The Plaintiffs are informed and believe that Plaintiff Preschooler II was subjected to aversive interventions by Defendant  LiSanti during the time period while at Betsy Rhodes Elementary School, as fully stated herein.

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

197.   Plaintiff allege that the remaining Defendants and each of them, aided, supported, incited and ratified Defendant LiSanti's conduct and omission by refusing, failing and acquiesced to comply with the mandates at *N.R.S.* §§ 388.5285 and 388.5295, respectively.

198.   SRO Eckrem, while finding NRS 388.521 et. seq. the Aversive Intervention Law, part of state standards enforcible under IDEA and finding that the state may have legislative standards to place higher standards than those provided by Congress under IDEA, and having found that a violation of NRS 388.521 may appropriately be considered in a claim for the denial of FAPE, erroneously, and contrary to factual findings, found that a state hearing officer was without jurisdiction to review enforcement or nonenforcement of NRS 388.521 et. seq.; erroneously and improperly found proper exclusion of evidence into aversive interventions by Clark County police personnel erroneously and improperly affirmed the exclusion and pre-editing of questioning Detective Loren Johnson in review of his notes and investigation.

199.   Separately, SRO Eckrem after finding a procedural violation of FAPE by the failure to report to parent aversive interventions, thus finding a "nexus" under her own test for the relevance of aversive interventions and the violation of NRS 388.521 et. seq., unaccountably, failed to make a finding as to this nexus between NRS 388.521 et. seq. and admitted aversive interventions supported by credible evidence at the hearing officer level.

200.   SRO Eckrem, by finding no jurisdiction to "generally" enforce NRS 388.521 et. seq. improperly excluded evidence and improperly excluded additional evidence with respect to aversive interventions investigation involving the Defendants and each of them.

201.   Having found that Plaintiff Preschooler II's parents were substantially deprived of

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

participation in the IEP process, in part, by not being informed of admitted aversive interventions, and thus finding a violation of FAPE, unaccountably failed to find a per se violation of NRS 388.521 et. seq. and its 24 hour notification, discipline and correction procedures.

202.    Unaccountably, and contrary to the evidence, the SRO Eckrem under her own "nexus" test, failed to find an impairment of educational benefit when it is clear that the very behaviors that were not addressed by the Defendants, i.e., violent behaviors, were caused and fomented by a violent and hostile physically abusive environment in Plaintiff Preschooler II's classroom.

203.    Plaintiffs specifically seek to append and add additional evidence of the following:

        a.    The course and conduct in the District police and District investigation of Plaintiff Preschooler II's classroom that was suppressed at both the hearing officer and state review officer levels;

        b.    Additional evidence concerning the direct detriment, harm and effect of aversive interventions on the behaviors and the physical and mental health of Plaintiff Preschooler II, including but not limited to the effect of trauma and blows to the head on Plaintiff Preschooler II, given his physical, mental and especially neurological condition with Tuberous Sclerosis;

        c.    Additional statistical and compliance information concerning the systematic suppression by the Defendants Clark

County Administration and State of nonreporting and noncorrection and general notation in aversive interventions.

    d.    Such other additional evidence, deemed permissible and relevant.

204.    Plaintiffs seek, therefore, the following additional relief in addition to the previous violations of the denial of FAPE by Defendant District:

    1.    Additional compensatory education over and above that awarded by the hearing officer and increased by the state review officer;

    2.    Additional and increased hours of home intervention from 20 hours per week to at least 35 hours per week;

    3.    A reduced school day appropriately allow Plaintiff Preschooler II to benefit from intensive home intervention based on reduced physical and endurance due to both Tuberous Sclerosis and the taking of anti-seizure medication by Plaintiff Preschooler II.

205.    The Plaintiffs bring this action in the district court under *Title* 20 *United States Code* § 1415(I)(2) of the Act seeking review and modification of that administrative decision. Invoking the statutory mandate that the court "shall hear additional evidence at the request of a party," the Plaintiffs respectfully proposed that this court hear a substantial volume of testimonial and documentary evidence in addition to the record of the administrative proceedings developed in

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

the state system.

206.    The School District Defendants acted (and are acting) under color of state authority in failing and refusing to enforce the provision of *N.R.S.* § 388.529 and *N.R.S.* § 388.5295.

207.    *NRS* § 388.529 pertinently provides that ". . . *a person who intentionally uses aversive intervention on a pupil with a disability or intentionally violates NRS § 388.527 is subject to disciplinary action pursuant to NRS § 391.312 or § 391.300 or both.*"

208.    *N.R.S.* § 388.5295 pertinently provides when a violation of the aversive intervention law occurs the CCSD must report the matter to the CCSD Board within twenty (24) hours.  In addition the CCSD Board must develop, in corporation with the Defendant Garcia, a corrective plan to ensure that within thirty (30) calendar days after the violation occurred, appropriated action is taken to prevent future violations. Furthermore, Defendant Garcia is mandated to submit the plan to the State Defendants.

209.    Plaintiffs contend that the failing to take corrective action and curtail the abuses by the State and School Administration Defendants and others under the employment or in association with has not ceased and has a history, custom and practice of such abuses, including but not limited to allegations of suppression and destruction of documents in a 1997 special education audit involving many years of past abuses of disabled students by aversive interventions; including but not limited to various aversive interventions claims asserted in state and federal courts.

210.    Plaintiffs allege and are informed and believe that at all procedural and/or substantive stages of the facts, incidents, allegations and events mentioned above all the Defendants had

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

either power to stop the misconduct of one or more other Defendants and/or had the authority to train, educate and/ or terminate the service of its, her/his subordinates to bring them in compliance with the Federal and State mandates regarding the education, instruction, supervision, discipline, treatment and/or methods of protection of Plaintiff Preschooler II and his parents and those similarly situated, yet failed, refused or did not want to do so.

211.    Plaintiffs allege that they have incurred attorneys' fees and costs for representation through all aspects of the administrative due process proceedings pursuant to the **IDEA** and Federal and State statutes and codes.   In addition, Plaintiff allege that have also incurred legal fees and costs in bringing this petition for judicial review.

**WHEREFORE** Plaintiffs respectfully request this Honorable Court:

1.    assert jurisdiction over this review;

2.    Allow appropriate supplementation of the record for review after discovery;

3.    Specific relief in the form and substance requested at hearing and state review:

4.    Intensive home-based behavior intervention education of an additional fifteen(15) hours per week for at least thirty-five (35) hours per week for two (2) years, with consequent reduction of class time;

5.    Compensatory education awarded for full reimbursement of past in home intensive behavioral training by LIFE, in addition to amounts previously awarded;

6.    Reduction of school participation in recognition of Plaintiff Preschooler II's medical and behavioral need for more rest time;

7.    In the Matter of Defendants Nevada, State Board and CCSD Board and Garcia,

---

*Jane Roe v. State of Nevada, et al.*

**COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY EQUITABLE RELIEF AND DAMAGES**

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

Green, Davis, Wyatt and Harley :

       a.     Declare that *N.R.S* § 388.521 *et. seq.* is relevant, jurisdictional and must be included within the IDEA procedures and all IEP's, with parent notification of the law;

       b.     Declare and require a State administrative oversight of corrective plans and actions pursuant to *N.R.S* § 388.5295.4;

       c.     Create a Citizen's Complaint Committee at the State and District level, consisting of ten (10) individuals who will receive, investigate and adjudicate complaints of student's neglect, abuse or mistreatment of disabled students and accept direct complaints from either the student, his/her parent, legal guardian and/or any individual concerned. It shall be mandated to review all programs and reports under *N.R.S.* § 388.521. *et seq.*

       d.     Create a system of judicial review to ensure statutory compliance;

8.    Award all fees and costs for all aspects of the proceedings below and before this court, according to proof; and

9.    Any and all other relief the Court deems fair and just.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

### *Against Defendants State, State Board, CCSD Board,* and *District*

212.    Plaintiffs hereby allege all matters set forth in the preceding paragraphs of this Complaint and incorporate them herein.

213.    The Plaintiffs alleges that the conduct, acts and omissions of the Defendants, State, State Board, CCSD Board, and District, were committed in conscious disregard, deliberate

---

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

indifference, and/or gross misjudgment and in bad faith as to the rights of the Plaintiffs as previously alleged.

**WHEREFORE,** the Plaintiff respectfully request that this Honorable Court:

1.    Assert jurisdiction over this action.

2.    Issue an Injunction prohibiting the Defendants for interfering, discriminating and obstructing disabled students rights, entitlements, services and privileges under the **ADA.**

3.    A monetary award not less than $1,000,000.00 for the deprivation of Plaintiffs' rights under the **ADA;**

4.    A monetary award in an amount that is just and proper;

5.    For attorney's fees and costs for this lawsuit under *Title* 42 *United States Code* § 1988;

6.    For any other relief the Court deems fair and just.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE REHABILITATION ACT

### *Against Defendants State, State Board, CCSD Board,* and *District*

214.    Plaintiffs hereby allege all matters set forth in the preceding paragraphs of this Complaint and incorporate them herein.

215.    The Plaintiffs alleges that the conduct, acts and omissions of the Defendants, State, State Board, CCSD Board, and District, were committed in conscious disregard,    deliberate indifference, and/or gross misjudgment and in bad faith as to the rights of the Plaintiffs as previously alleged.

---

*Jane Roe v. State of Nevada, et al.*

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY EQUITABLE RELIEF AND DAMAGES

Page 42 of 48

**WHEREFORE,** the Plaintiff respectfully request that this Honorable Court:

1.    Assert jurisdiction over this action.

2.    Issue an Injunction prohibiting the Defendants for interfering, discriminating and obstructing disabled students rights, entitlements, services and privileges under the **RA.**

3.    A monetary award not less than $1,000,000.00 for the deprivation of Plaintiffs' rights under the **RA;**

4.    A monetary award in an amount that is just and proper;

5.    For attorney's fees and costs for this lawsuit under *Title 42 United States Code* § 1988;

6.    For any other relief the Court deems fair and just.

## FOURTH CAUSE OF ACTION

## VIOLATION OF TITLE 42 U.S.C. §1983

### *Against All defendants*

216.    Plaintiffs hereby allege all matters set forth in the preceding paragraphs of this Complaint and incorporate them herein.

217.    The Plaintiff alleges that the conduct, acts and omissions of the Defendants, as fully described in the above causes of action, which is specifically included and incorporated herein violated *Title 42 United States Code* § 1983.

**WHEREFORE,** the Plaintiff respectfully request that this Honorable Court:

1.    Assert jurisdiction over this action.

2.    A monetary award not less than $1,000,000.00 for the deprivation of Plaintiff's

---

*Jane Roe v. State of Nevada, et al.*

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY EQUITABLE RELIEF AND DAMAGES

PEARSON, PATTON, SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

constitutional rights under *Title* 42 *United States Code* § 1983;

3.    A monetary award for punitive damages, in an amount that is just and proper;

4.    For attorney's fees and costs for this lawsuit under *Title* 42 *United States Code* § 1988;

5.    For any other relief the Court deems fair and just.

### FIFTH CAUSE OF ACTION

### MONELL/CANTON

#### *Against Defendants CCSD Board and District*

218.    Plaintiffs hereby allege all matters set forth in the preceding paragraphs of this Complaint and incorporate them herein.

219.    The Plaintiffs allege that Defendants Garcia, Green; Harley; Wyatt, and Li Santi at all times mentioned herein were the employees, representatives and agents of Defendants CCSD Board and District.

220.    The Plaintiffs allege that Defendants CCSD Board and District failed to properly train, supervisor, discipline, and educate Defendants Garcia; Green; Harley; Wyatt; and Li Santi in the various classification, monitoring, education, safety and control of disabled and autistic students.

221.    The Plaintiffs contend that Defendants CCSD Board and District failed to properly train, supervisor, discipline, and educate  Defendants Garcia, Green, Harley, Wyatt, and Li Santi resulted in the injuries to the Plaintiffs has alleged herein.

**WHEREFORE,** the Plaintiff respectfully request that this Honorable Court:

1.    Assert jurisdiction over this action.

---

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

2.    A monetary award not less than $1,000,000.00 for the deprivation of Plaintiffs' constitutional rights under *Title* 42 *United States Code* § 1983.

3.    A monetary award for punitive damages, in an amount that is just and proper;

4.    For attorney's fees and costs for this lawsuit under *Title* 42 *United States Code* § 1988;

5.    For any other relief the Court deems fair and just.

## SIXTH CAUSE OF ACTION

## ASSAULT, BATTERY AND USE OF AVERSIVE INTERVENTIONS

### *Against Defendant LiSanti*

222.    Plaintiffs hereby allege all matters set forth in the preceding paragraphs of this Complaint and incorporate them herein.

223.    Plaintiffs allege that the actions of LiSanti as fully described above constituted assault, battery and aversive interventions contrary to *N.R.S* § 388.521 *et. seq.* and a violation of the *Fourth Amendment* to the United States Constitution.

224.    As a direct and proximate result of Defendant LiSanti's actions, as described above, Plaintiff sustained actual damages including bodily injuries to his person, pain, severe, and grievous mental and emotional suffering, humiliation, shame, embarrassment, worry, fear, anguish, shock, nervousness, anxiety and permanent behavioral and psychological harm as an autistic child, in an amount to be ascertained according to proof at trial.

225.    The actions of Defendant LiSanti, as described above, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or conscious disregard of, the harm that

*Jane Roe v. State of Nevada, et al.*

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY EQUITABLE RELIEF AND DAMAGES

Page 45 of 48

would be inflicted upon Plaintiff. As a result of said intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish the Defendant and to deter others from like conduct.

226. Plaintiffs were forced to hire an attorney to represent him in this matter and Plaintiff should be awarded reasonable attorneys' fees and costs.

**WHEREFORE**, the Plaintiff respectfully request that this Honorable Court:

1.    Assert jurisdiction over this action.

2.    A monetary award not less than $1,500,000.00.

3.    A monetary award for punitive damages, in an amount that is just and proper;

4.    For any other relief the Court deems fair and just.

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE CLAIMS

### *Against Defendant LiSanti and District*

227.    Plaintiffs hereby allege all matters set forth in the preceding paragraphs of this Complaint and incorporate them herein.

228.    Defendant LiSanti at the times and circumstances alleged negligently caused bodily and mental, emotional, behavioral and psychological damage to the Plaintiff Preschooler II.

229.    Defendant District knew, or should have known of such conduct, and failed to prevent such conduct and the District was negligent in its employment, training supervision and control of said Defendant LiSanti, whether the latters' acts be deemed intentional or negligent.

230.    At all times relevant, the District had *respondeat superior* and vicarious liability for the

---

*Jane Roe v. State of Nevada, et al.*

COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY EQUITABLE RELIEF AND DAMAGES

PEARSON, PATTON.
SHEA, FOLEY & KURTZ. P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145

tortuous acts and omissions as fully alleged herein, committed by other Defendants and each of them.

**WHEREFORE**, the Plaintiff respectfully request that this Honorable Court:

1.    Assert jurisdiction over this action.

2.    A monetary award not less than $1,500,000.00.

3.    For any other relief the Court deems fair and just.

DATED this 23 day of March, 2004.

By _____
MARIANNE C. LANUTI, ESQUIRE
Nevada Bar no. 007784
Law Offices of Marianne C. Lanuti

By _____
NIELS L. PEARSON, ESQUIRE
Nevada Bar No. 001061
PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
Attorneys for Plaintiffs

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

*Jane Roe v. State of Nevada, et al.*

**COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY EQUITABLE RELIEF AND DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully request a jury trial in this matter.

By: _____
NIELS L. PEARSON, ESQUIRE
Nevada Bar No. 001061
PEARSON, PATTON, SHEA, FOLEY & KURTZ, P.C.

By: _____
MARIANNE C. LANUTI, ESQUIRE
Nevada Bar no. 007784
Law Offices of Marianne C. Lanuti & Associates
Attorneys for Plaintiffs

## CERTIFICATION OF INTERESTED PERSONS & ENTITIES

Counsel\ herein have a financial interest only so far as attorneys' fees may be awarded pursuant to **Title** 42 **United States Code**. § 1988. No other financial interests are known to exist relative to this action, except those authorized by statute regarding attorneys' fees and cost under **IDEA** and the State Causes of Action theories of law.

By: _____
NIELS L. PEARSON, ESQUIRE
Nevada Bar No. 001061
PEARSON, PATTON, SHEA, FOLEY & KURTZ, P.C.

By: _____
MARIANNE C. LANUTI, ESQUIRE
Nevada Bar no. 007784
Law Offices of Marianne C. Lanuti & Associates
Attorneys for Plaintiffs

*Jane Roe  v. State of Nevada, et al.*

**COMPLAINT FOR JUDICIAL REVIEW, DECLARATORY EQUITABLE RELIEF AND DAMAGES**

Page 48 of  48

PEARSON, PATTON,
SHEA, FOLEY & KURTZ, P.C.
6900 Westcliff Drive, Suite 800
Las Vegas, Nevada 89145